IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VINCENT LEROY RAY and CINDY RAY,

      Plaintiffs,

      v.

Civil Action  No.   1:21-cv-42-LG-JCG

TAURUS HONOR SHIPPING CO., LTD;
TAURUS SHIPPING PVT, LTD.;
V.GROUP LIMITED; V.SHIPS, PLC;
PACIFIC CARRIERS, LTD;
XO SHIPPING A/S;  XO SHIPPING SA;
CHEVRON USA, INC., and the Motor Vessel
TAURUS HONOR, Her Hull, Engines,
Tackle, Equipment, and Appurtenances, etc.,

      Defendants.

---

## COMPLAINT

---

Plaintiffs Vincent Leroy Ray and Cindy Ray state the following as their complaint against Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, Chevron U.S.A., Inc., and the M/V TAURUS HONOR (collectively "the Defendants"):

### INTRODUCTION

1.     This is a personal injury action brought pursuant to §905(b) and §933(a) of the Longshore and Harbor Workers' Compensation Act.  On November 12, 2020, Plaintiff Vincent Leroy Ray was catastrophically injured while working as a tankerman on a dock in Pascagoula, Mississippi.  As Mr. Ray was walking along the dock, a mooring line attached to the M/V TAURUS HONOR parted.  When the line parted, it struck Mr. Ray, severing his left hand and

causing major internal injuries which ultimately required his kidney to be removed.  Mr. Ray's injuries were caused by the negligent, wanton, willful, and reckless conduct of the Defendants in, among other things, failing to properly moor the M/V TAURUS HONOR and failing to properly select, inspect, maintain, and replace the lines used to moor the vessel.

## PARTIES

2.      Plaintiff Vincent Leroy Ray is over the age of 19 and a resident and citizen of Alabama. Mr. Ray works as a tankerman for Petroleum Service Corporation.

3.      Plaintiff Cindy Ray is over the age of 19 and a resident and citizen of Alabama. Mrs. Ray is married to Vincent Leroy Ray.

4.      Defendant M/V TAURUS HONOR is a bulk carrier vessel registered in the Marshall Islands.  At the time of the incident, the M/V TAURUS HONOR was moored to a dock in Pascagoula, Mississippi that is owned, controlled and/or managed by Defendant Chevron USA, Inc.

5.      Defendants Taurus Honor Shipping Co., Ltd and Taurus Shipping Pvt, Ltd are members of the Taurus Group of Companies.  Taurus Honor Shipping Co. Ltd and Taurus Shipping Pvt, Ltd are business entities that are organized in a country other than the United States and maintain their principal place of business in a country other than the United States. Taurus Honor Shipping Co., Ltd and Taurus Shipping Pvt, Ltd own and/or control the M/V TAURUS HONOR.

6.      Defendants V. Group Limited and V. Ships, PLC are business entities that are organized in a country other than the United States and maintain their principal place of business in a country other than the United States.  At all times material to this lawsuit, V. Group Limited

and V. Ships, PLC were the ship and crew managers for the M/V TAURUS HONOR and were responsible for hiring, training, and supervising the vessel's crew.

7.      Defendant Pacific Carriers Ltd. is a business entity that is organized in a country other than the United States and maintains its principal place of business in a country other than the United States.  At all times material to this lawsuit, Pacific Carriers Ltd. was the time-charterer for the M/V TAURUS HONOR.

8.      Defendant XO Shipping A/S and XO Shipping SA are business entities that are organized in a country other than the United States and maintain their principal place of business in a country other than the United States.  At all times material to this lawsuit, XO Shipping A/S and XO Shipping SA were the voyage-charters for the M/V TAURUS HONOR.

9.      Defendant Chevron U.S.A., Inc. is a business corporation organized under the laws of Pennsylvania and maintains its principal place of business in California.  Chevron U.S.A., Inc. owned, controlled, and/or managed the dock where the incident occurred.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over Plaintiffs' *in rem* claims against the M/V TAURUS HONOR pursuant to 28 U.S.C. §1333(1) and 46 U.S.C. §30101 because Plaintiffs' claims against the M/V TAURUS HONOR invoke this Court's admiralty and maritime jurisdiction.

11.     The Plaintiffs anticipates that the M/V TAURUS HONOR will be within the borders of the United States District Court for the Southern District of Mississippi during the pendency of this action and available for seizure.  As such, under the general maritime law, venue is appropriate in this Court for Plaintiffs' claims against the vessel, and this Court will obtain i*n rem* jurisdiction over the vessel once it is seized.

12.     This Court has subject matter jurisdiction over Plaintiffs' *in personam* claims against Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and Chevron U.S.A., Inc. pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and this case is between citizens of different states and citizens or subjects of foreign states are additional parties.

13.     This Court has personal jurisdiction over Plaintiffs' claims against Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and Chevron U.S.A., Inc. because each of these Defendants is engaged in the international shipping industry, regularly do business in the United States, including Mississippi, and willingly chose to do business in Mississippi by directing the M/V TAURUS HONOR to sail to Mississippi in order to be loaded with oil refining by-products that were produced and created in Mississippi.

14.     Under 28 U.S.C. §1391, this Court is the proper venue for Plaintiffs' diversity and *in personam* claims against Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and Chevron U.S.A., Inc. because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the United States Court for the Southern District of Mississippi.

## COUNT ONE

### *Negligence*

15.     At the time of the incident, Plaintiff Vincent Leroy Ray was working as a tankerman for Petroleum Service Corporation and was an "employee" as defined by §902 of the Longshore and Harbor Workers' Compensation Act.

16.     At the time of the incident, Plaintiff Vincent Leroy Ray's employer, Petroleum Service Corporation, was an "employer" as defined by §902 of the Longshore and Harbor Workers' Compensation Act.

17.     At the time of the incident, Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and the M/V TAURUS HONOR were a "vessel" as defined by §902 of the Longshore and Harbor Workers' Compensation Act.

18.     At the time of the incident, Chevron USA, Inc. was a "person" as defined by §902 of the Longshore and Harbor Workers' Compensation Act.

19.     Plaintiffs' claims against the Defendants are governed by the Longshore and Harbor Workers' Compensation Act and the general maritime law.

20.     On November 12, 2020, the M/V TAURUS HONOR was moored to a dock in Pascagoula, Mississippi that is owned, controlled, and/or managed by Defendant Chevron USA, Inc.  The vessel was being loaded with Coke, which is a by-product of Defendant Chevron USA, Inc.'s oil refining process.

21.     On November 12, 2020, Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, and XO Shipping SA owned, chartered, managed, operated and/or were in control of the M/V TAURUS HONOR and the crew of the M/V TAURUS HONOR while the vessel was being loaded.

22.     On November 12, 2020, Plaintiff Vincent Leroy Ray boarded the M/V TAURUS HONOR to provide tankerman services related to loading the vessel.  During the loading process, Mr. Ray informed the Defendants that the vessel needed to be repositioned in order to continue loading.  Mr. Ray then disembarked the vessel, walked down the dock adjacent to the vessel, and went to his truck, which was parked in a nearby lot.  Later, the Defendants contacted Mr. Ray and requested that he confirm the vessel was in position to continue loading.  Mr. Ray returned to the dock and informed the Defendants that the vessel needed to be moved further in order to continue loading the vessel.  As Mr. Ray turned to walk back to his truck, a line on the vessel parted and struck him.

23.     Plaintiff Vincent Leroy Ray's injuries include the following: his left arm was severed; he suffered internal injuries, including to his left kidney which was later surgically removed; he suffered injuries to his colon, loss of blood, loss of consciousness, lacerations and other injuries to his entire body; and has further suffered and will continue to suffer extreme physical disfigurement, physical pain, suffering, mental injury, loss of enjoyment of life, mental anguish, past and future lost income, and past and future medical expenses.

24.     Plaintiff Vincent Leroy Ray's injuries have resulted in his wife, Plaintiff Cindy Ray, losing the society, services, consortium, and companionship of her husband.

25.     Plaintiffs' injuries and damages were proximately caused by the negligence of Defendants Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and the M/V TAURUS HONOR, including her crew, (collectively "the Vessel Defendants") in one or more of the following respects:

a.      Negligently moving the vessel while Plaintiff Vincent Leroy Ray was at risk of being struck by a parted line;

b.      Negligently allowing, directing, and/or ordering Plaintiff Vincent Leroy Ray to work under unsafe conditions and in areas under the Vessel Defendants' control without providing him with proper safeguards, proper safety equipment, and without taking necessary precautions to avoid injury;

c.      Negligently failing to provide Plaintiff Vincent Leroy Ray with a safe place to work in areas on the dock, aboard or adjacent to the vessel, and/or around areas and equipment under the control of the Vessel Defendants;

d.      Negligently inspecting or failing to inspect the subject vessel and the involved mooring line for safety hazards before granting Plaintiff Vincent Leroy Ray access to the area where the vessel was moored;

e.      Negligently failing to maintain the subject vessel and its mooring lines in a safe condition;

f.      Negligently failing to establish safe work practices and procedures relating to the type of work which was being performed by the vessel and its crew;

g.      Negligently failing to discover and eliminate unsafe conditions and/or safety hazards, especially with respect to the parted line which injured Plaintiff Vincent Leroy Ray, when the Vessel Defendants knew or should have known that the conditions presented potential hazards to workers such as Plaintiff Vincent Leroy Ray;

h.      Negligently failing to develop, institute, follow, or adhere to proper procedures for the inspection, assessment, and removal from service of mooring lines that are damaged or unsafe;

i.      Negligently failing to remove from service the mooring line which parted and injured Plaintiff Vincent Leroy Ray;

j.      Negligently allowing the dangerously deteriorated mooring line which injured Plaintiff Vincent Leroy Ray to be used in the application to which it was put at the time and place of the incident;

k.      Negligently failing to train the crew of the vessel with respect to the identification, assessment, and removal from service of dangerous and deteriorated mooring lines;

l.      Negligently failing to warn Plaintiff Vincent Leroy Ray that the mooring lines for the vessel were deteriorated, dangerous, and likely to part; and

m.      Other acts of negligence that will be shown through discovery.

26.     Plaintiffs' injuries and damages were proximately caused by the negligence of Defendant Chevron USA, Inc. in one or more of the following respects:

a.      Negligently allowing, authorizing, and permitting the M/V TAURUS HONOR to be moved while Plaintiff Vincent Leroy Ray was at risk of being struck by a parted line;

b.      Negligently allowing, authorizing, and permitting the M/V TAURUS HONOR to moor in an unsafe manner and with unsafe equipment;

c.      Negligently failing to warn Plaintiff Vincent Leroy Ra, his employer, and other persons at risk of injury of the inadequacy and lack of maintenance, repair and/or replacement of unsafe or deteriorated equipment used to moor the vessel;

      d.     Negligently failing to evaluate the sufficiency and integrity of the equipment used to moor the M/V TAURUS HONOR to ensure that the equipment was safe; and

      e.     Other acts of negligence that will be demonstrated through discovery.

WHEREFORE, Plaintiffs Vincent Leroy Ray and Cindy Ray demand judgment for compensatory damages against the Defendants Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, Chevron U.S.A., Inc., and the M/V TAURUS HONOR in an amount deemed appropriate by the jury, plus interests and costs.

## COUNT TWO

### *Reckless, Wanton and/or Willful Conduct*

27.    Plaintiffs incorporate paragraphs 1 through 26 above as if fully stated herein.

28.    Plaintiffs' injuries and damages were proximately caused by the reckless, willful, and wanton conduct of Defendants Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, and the M/V TAURUS HONOR, including her crew, (collectively "the Vessel Defendants") in one or more of the following respects:

      a.     Recklessly, willfully, and wantonly moving the vessel while Plaintiff Vincent Leroy Ray was at risk of being struck by a parted line;

      b.     Recklessly, willfully, and wantonly allowing, directing, and/or ordering Plaintiff Vincent Leroy Ray to work under unsafe conditions and in areas under the Vessel Defendants' control without providing him with proper safeguards, proper safety equipment, and without taking necessary precautions to avoid injury;

c.      Recklessly, willfully, and wantonly failing to provide Plaintiff Vincent Leroy Ray with a safe place to work in areas on the dock, aboard or adjacent to the vessel, and/or around areas and equipment under the control of the Vessel Defendants;

d.      Recklessly, willfully, and wantonly inspecting or failing to inspect the subject vessel and the involved mooring line for safety hazards before granting Plaintiff Vincent Leroy Ray access to the area where the vessel was moored;

e.      Recklessly, willfully, and wantonly failing to maintain the subject vessel and its mooring lines in a safe condition;

f.      Recklessly, willfully, and wantonly failing to establish safe work practices and procedures relating to the type of work which was being performed by the vessel and its crew;

g.      Recklessly, willfully, and wantonly failing to discover and eliminate unsafe conditions and/or safety hazards, especially with respect to the parted line which injured Plaintiff Vincent Leroy Ray, when the Vessel Defendants knew or should have known that the conditions presented potential hazards to workers such as Plaintiff Vincent Leroy Ray;

h.      Recklessly, willfully, and wantonly failing to develop, institute, follow, or adhere to proper procedures for the inspection, assessment, and removal from service of mooring lines that are damaged or unsafe;

i.      Recklessly, willfully, and wantonly failing to remove from service the mooring line which parted and injured Plaintiff Vincent Leroy Ray;

j.      Recklessly, willfully, and wantonly allowing the dangerously deteriorated mooring line which injured Plaintiff Vincent Leroy Ray to be used in the application to which it was put at the time and place of the incident;

k.      Recklessly, willfully, and wantonly failing to train the crew of the vessel with respect to the identification, assessment, and removal from service of dangerous and deteriorated mooring lines;

l.      Recklessly, willfully, and wantonly failing to warn Plaintiff Vincent Leroy Ray that the mooring lines for the vessel were deteriorated, dangerous, and likely to part; and

m.      Other acts of reckless, willful, and wanton conduct that will be shown through discovery.

29.      Plaintiffs' injuries and damages were proximately caused by the reckless, willful, and wanton conduct of Defendant Chevron USA, Inc. in one or more of the following respects:

a.      Recklessly, willfully, and wantonly allowing, authorizing, and permitting the M/V TAURUS HONOR to be moved while Plaintiff Vincent Leroy Ray was at risk of being struck by a parted line;

b.      Recklessly, willfully, and wantonly allowing, authorizing, and permitting the M/V TAURUS HONOR to moor in an unsafe manner and with unsafe equipment;

c.      Recklessly, willfully, and wantonly failing to warn Plaintiff Vincent Leroy Ra, his employer, and other persons at risk of injury of the inadequacy and lack of maintenance, repair and/or replacement of unsafe or deteriorated equipment used to moor the vessel;

d.      Recklessly, willfully, and wantonly failing to evaluate the sufficiency and integrity of the equipment used to moor the M/V TAURUS HONOR to ensure that the equipment was safe; and

e.      Other acts of reckless, willful, and wanton conduct that will be demonstrated through discovery.

WHEREFORE, Plaintiffs Vincent Leroy Ray and Cindy Ray demand judgment for compensatory and punitive damages against the Defendants Taurus Honor Shipping Co., Ltd, Taurus Shipping PVT, Ltd., V. Group Limited, V. Ships, PLC, Pacific Carriers, Ltd., XO Shipping A/S, XO Shipping SA, Chevron U.S.A., Inc., and the M/V TAURUS HONOR in an amount deemed appropriate by the jury, plus interests and costs.

### PLAINTIFFS DEMAND A JURY TRIAL

Respectfully submitted,

/s/ William E. Bonner
WILLIAM E. BONNER (MS Bar # 106004)
**CUNNINGHAM BOUNDS, LLC**
POST OFFICE BOX 66705
MOBILE, AL 36660
251-471-6191 (O)
251-479-1031 (F)
web@cunninghambounds.com
*Attorney for the Plaintiffs*